JAMES C. NIELSEN (111889)
  jnielsen@nielsenhaley.com
JENNIFER S. COHN (169973)
  jcohn@nielsenhaley.com
NIELSEN, HALEY & ABBOTT LLP
44 Montgomery Street, Suite 750
San Francisco, California 94104
Telephone: (415) 693-0900
Facsimile: (415) 693-9674

Attorneys for plaintiff,
CASTLEPOINT NATIONAL INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CASTLEPOINT NATIONAL INSURANCE COMPANY, an Illinois corporation, | No.: CV 10 4592 |
| Plaintiff, | |
| v. | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| ALAN PATTERSON, an individual, CAROLYN MARIE WEAN, an individual, RICHARD L. MOZER, an individual; MOZER CONSTRUCTION, INC. a California corporation; and DOES 1 through 20, | |
| Defendants. | |

CastlePoint National Insurance Company ("CastlePoint") alleges as follows:

1.   CastlePoint is a corporation organized and existing under the laws of the state of Illinois, with a principal place of business in Chicago. CastlePoint was formerly known as SUA Insurance Company ("SUA"), and was known by that name at the time the policy of insurance alleged below was issued.

2. CastlePoint is informed and believes, and on that basis alleges, that defendants Alan Patterson ("Patterson"), Carolyn Marie Wean ("Wean"), and Richard L. Mozer are individuals residing in Marin County, California and that defendant Mozer Construction, Inc., is a corporation organized under the laws of California with a principal place of business in Marin County, California. For brevity, Richard L. Mozer and Mozer Construction, Inc., are sometimes generally referred to within as "Mozer."

3. CastlePoint is unable to ascertain the true names and identities of those defendants fictitiously designated as Does 1 through 20, inclusive, and therefore names said defendants fictitiously. All such Doe defendants are persons with an interest in the insurance controversy alleged below. CastlePoint will ask leave of court to amend this complaint and all subsequent pleadings to insert the true names and capacities of these fictitiously named defendants when ascertained.

## JURISDICTION

4. This is an action for declaratory judgment brought under 28 U.S.C. §§ 1332 and 2201.

5. Jurisdiction is proper in this court under 28 U.S.C. § 1332 because the parties are citizens of different states, and because the amount in controversy is near or above $1 million, without interest and costs, exceeding the sums specified under 28 U.S.C. § 1332.

## INTRADISTRICT ASIGNMENT

6. Assignment of this action to the San Jose Division is proper because the action arises in the County of Marin. All of the events alleged below occurred in, and all of the named defendants initially named are residents of, that county.

## FIRST CLAIM FOR DECLARATORY JUDGMENT
[As to All Defendants]

7. CastlePoint (then known as SUA) issued to Mozer a policy of commercial general liability insurance issued by, policy number 10ATMAG-200936-GL02, affording coverage for liability for bodily injury with per occurrence limits of liability of $1 million,

1  subject to all of the terms, conditions, limitations, and exclusions of the policy.

2      8.    Among other provisions, the policy contains an exclusion that provides, in part, that "[t]his insurance does not apply to" bodily injury "arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and 'loading or unloading'." This is referred to here as the "auto exclusion." The policy defines "auto" in part as a "land motor vehicle ... designed for travel on public roads."

    9.    Currently pending in the Superior Court of California, County of Marin, is an action entitled *Patterson, et al., v. Mozer, et al.*, no. CIV 090823 (the *"Patterson* action"), in which Patterson and Wean have sued Mozer and others, alleging that the defendants caused bodily injury to Wean and loss of consortium to Patterson, who is Wean's husband. More specifically, they allege that "Plaintiff Wean was struck while walking on the driveway to 34 Wolfback Terrace, Sausalito, California ('Property') by Defendant Richard Louis Mozer, who was negligently backing his truck out of the Property and onto the street. At the time, Richard Louis Mozer was either retained as a general contractor or in the employ of [other parties], who owned and do own the Property." Patterson and Wean further allege that "Defendant Richard Louis Mozer negligently caused his vehicle to hit plaintiff Carolyn Marie Wean, spouse of plaintiff Alan Patterson, causing severe injuries to her." Patterson and Wean assert damages in the *Patterson* action in an amount in excess of $1 million.

    10.    CastlePoint agreed to participate, along with Mozer's auto insurer, in the defense of Mozer against the *Patterson* action subject to a full reservation of rights, including the right to assert that the auto exclusion precludes any duty to defend or to indemnify on the part of CastlePoint.

    28.    An actual controversy has arisen and now exists between CastlePoint on the one hand, and all defendants, on the other hand, concerning their respective rights and obligations under the CastlePoint policy as to the *Patterson* action. CastlePoint contends that it owes no duty to defend or to indemnify Mozer with respect to the *Patterson* action

1  because of the auto exclusion, and that Mozer's auto insurer is solely responsible for
2  Mozer's defense and indemnity as to that action. CastlePoint is informed, infers, and
3  believes and thereon alleges that the defendants contend or will contend to the contrary.

4      29.    Therefore, CastlePoint requests that this Court make and enter its binding
5  judicial declarations in accordance with CastlePoint's contentions set forth above. The
6  requested declarations are both necessary and proper at this time under the circumstances in
7  that the interests of judicial economy and substantial justice will be served thereby.

8      Wherefore, CastlePoint prays for judgment as follows:

9      a.    That the court make and enter its binding judicial declarations of the
10 respective rights and duties of the parties in accordance with CastlePoint's contentions set
11 forth above, as permitted under 28 U.S.C. § 2201;

12     b.    That CastlePoint be awarded its costs of suit; and

13     c.    For such other and further relief as the court deems just and proper, as
14 permitted under 28 U.S.C. §§ 2201 and 2202.

16 October 12, 2010                        NIELSEN, HALEY & ABBOTT LLP

By: /s/ James C. Nielsen
James C. Nielsen

Attorneys for Plaintiff
CASTLEPOINT NATIONAL INSURANCE COMPANY